OPINION
The present appeal arises from the decision of the Jefferson County Court of Common Pleas wherein Jack Greathouse was designated a sexual predator. For the reasons set forth below, the decision of the trial court is affirmed.
 FACTS
On April 25, 1991, Jack Greathouse ("appellant") entered pleas of guilty to the following charges: aggravated burglary in violation of R.C. 2911.11, an aggravated felony of the first degree; rape in violation of R.C. 2907.02, an aggravated felony of the first degree; felonious assault in violation of R.C. 2903.11, an aggravated felony of the second degree; and aggravated robbery in violation of R.C. 2911.01, an aggravated felony of the first degree. All of these charges arose from appellant's attack of a 72 year old woman on December 16, 1990. As a result of these pleas, the trial court sentenced appellant to terms of incarceration of 8 to 25 years on the aggravated burglary, rape and aggravated robbery charges. Additionally, appellant was sentenced to 8 to 15 years of imprisonment on the felonious assault charge. The trial court chose to run all of these sentences concurrently.
Subsequently, in response to the Ohio Department of Rehabilitation and Correction's recommendation that appellant be designated a sexual predator, the trial court held a sexual predator determination hearing. During the course of this hearing, the state reviewed the circumstances of appellant's case and outlined for the court the various factors which are to be considered in all sexual predator determinations pursuant to R.C.2950.09 (B) (2). Moreover, the state advised the trial court that the file from the 1991 convictions was present for the court's review. In addition to providing information regarding the 1990 offenses, this file contained various materials regarding appellant's prior criminal record. Following the hearing, the trial court issued its judgment entry which adjudicated appellant a sexual predator. It is from this decision that appellant filed the present appeal.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error reads:
 "IS THE NEW PREDATOR STATUTE, REVISED CODE 2950.09 (B) (2), CONSTITUTIONAL?"
Specifically, appellant attacks the constitutionality of the sexual predator statute on the grounds that it violates Section 1, Article I of the Ohio Constitution which states:
 "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of engaging and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."
Appellant bases his argument on the reasoning set forth by the Eleventh Appellate District in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. Appellant asserts that the sexual predator law is an unconstitutional exercise of the state's police power as it unreasonably interferes with private rights beyond the necessities of the situation.
Despite appellant's contention, this court has consistently refused to adopt the reasoning set forth by the Eleventh District in Williams. See State v. Berry (Dec. 13, 1999), Carroll App. No. 716, unreported, 3; State v. Polen (Dec. 8, 1999), Carroll App. No. 711, unreported, 3; State v. Burkey (Nov. 23, 1999), Carroll App. No. 715, unreported, 3; State v. Bugh (Nov. 23, 1999), Carroll App. No. 714, unreported, 3; State v. Woodburn (Mar. 23, 1999), Columbiana App. No. 98-CO-6, unreported, 7. In this court's opinion, the sexual predator statute does not unreasonably interfere with the rights of individuals nor is it unduly oppressive. Id. More importantly, the Ohio Supreme Court has recently held that the Eleventh District incorrectly found the sexual predator statute to be unconstitutional. State v. Williams
(2000), 88 Ohio St.3d 513. In its decision, the court held that "R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article I of the Ohio Constitution". Id. at 527. Accordingly, appellant's first assignment of error lacks merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads:
 "WAS THERE SUFFICIENT EVIDENCE PROVEN TO THE COURT THAT THE APPELLANT WAS A SEXUAL PREDATOR?"
Appellant briefly argues that the trial court erred in finding that sufficient evidence had been presented in order to make a sexual predator adjudication. In particular, appellant takes issue with the fact that no witness testimony was presented and the victim did not attend the hearing. Additionally, appellant makes the conclusory statement that the proper evidence was not introduced at the hearing. No attempts are made by appellant to comply with App.R. 16 (A) (7) which requires an appealing party to include "the reasons in support of the contentions, with citations to authorities, statutes, and parts of the record on which appellant relies." In addition to the unsupported, conclusory statements regarding the insufficiency of the evidence, appellant also includes under this assignment of error a statement that the sexual predator statute is in violation of the constitution as it applies retroactively to crimes committed ten years ago. Despite the infirmities of appellant's argument, in the interest of justice this court will nonetheless address the propositions raised in this assignment of error.
 APPLICABLE LAW
As this court has stated on numerous occasions, R.C. 2950.09
provides that a person who is convicted of or pleads guilty to a sexually oriented offense may be classified as a sexual predator in accordance with division (B) or (C) of said section. SeeBerry, supra. A sexual predator is defined in R.C. 2950.01 (E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In order to properly adjudicate a defendant as a sexual predator, a trial court must follow certain statutorily prescribed procedures. Pursuant to R.C. 2950.09 (B) (1) and (C) (2), any potential candidate for sexual predator adjudication must be afforded notice, a hearing, and the opportunity to testify, present evidence, call witnesses and cross-examine opposing witnesses. The trial court is required to review the evidence presented to it and consider all relevant factors as related to the defendant's sexual predator status including but not limited to those factors set forth in R.C. 2950.09 (B) (2) as follows:
"(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexual offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
After a trial court has received the evidence and testimony at the hearing and has reviewed and considered the factors specified in R.C. 2950.09 (B) (2), it must determine whether it has been presented with clear and convincing evidence that the offender does in fact qualify as a sexual predator. R.C. 2950.09
(C) (2). Specifically, the court must decide whether, based upon the evidence and testimony presented, the offender is likely to engage in one or more sexually oriented offenses in the future. Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases. Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122. The evidence must establish in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id.
"Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." In re Mental Illness of Thomas
(1996), 108 Ohio App.3d 697, 700, quoting State v. Schiebel
(1990), 55 Ohio St.3d 71, 74. In reviewing the record, however, an appellate court must avoid substituting its judgment for that of the trial court where there exists competent, credible evidence supporting the trial court's determination. Id.
 ANALYSIS
While appellant asserts that the state presented only "flimsy" evidence which was insufficient to support a sexual predator designation, a review of the record reveals that clear and convincing evidence was presented to support the trial court's decision. Although there was no witness testimony and the victim did not attend the hearing, this has never been the standard for determining whether a trial court's adjudication of a defendant as a sexual predator is justified. On the contrary, the standard is whether the trial court considered the statutory factors set forth pursuant to R.C. 2950.09 (B) (2) and whether the ultimate determination was supported by clear and convincing evidence.
The trial court begins by noting that appellant's 1991 plea agreement involved charges of aggravated burglary, rape, felonious assault and aggravated robbery. The count of rape clearly qualifies as a sexually oriented offense as this term is defined in R.C. 2950.01 (D). Since appellant pled guilty to a sexually oriented offense, the trial court then turned to a consideration of the factors set forth under R.C. 2950.09 (B) (2) to ascertain whether appellant was likely to engage in the future in one or more sexually oriented offenses.
The trial court began by noting that appellant was 34 years of age at the time of the offenses in question. See R.C. 2950.09
(B) (2) (a). While evidence in the record suggests that appellant was actually 35 years old, such is immaterial. Next, the court noted that the victim of the December 16, 1990 offenses was 72 years old. See R.C. 2950.09 (B) (2) (c).
The trial court then made reference to criminal offenses appellant had performed prior to December of 1990. See R.C.2950.09 (B) (2) (b). Particularly, the trial court indicated that appellant's record included numerous misdemeanors in the State of Ohio. This statement was based upon the state's testimony during the sexual predator determination hearing regarding a long list of criminal offenses. A review of the file regarding appellant's December 1990 convictions establishes that information regarding appellant's prior offenses had been conveyed to appellant during plea negotiations.
More importantly, the trial court noted that appellant had been convicted in West Virginia of sexual assault of the second degree for which he was sentenced to a term of incarceration of 5 to 10 years. The contents of the court file again support this observation by the trial court. Specifically, the file contains the November 4, 1983 order from the Circuit Court of Ohio County, West Virginia which indicates appellant pled guilty to one count of sexual assault of the second degree in violation of West Virginia Code 61-8 (B)-4. While there is no indication as to exactly how long appellant remained in prison for this offense, he was sentenced to a 5 to 10 year period of incarceration. Although not mentioned by the court, the prior sexual assault offense does establish that appellant has engaged in multiple sexually oriented offenses against multiple victims. Evidence such as this is certainly indicative of a likelihood that appellant will engage in additional sexually oriented offenses in the future.
The trial court further noted that appellant displayed cruelty toward the victim during the commission of the December 1990 offenses as he beat, raped and robbed the 72 year old woman within the sanctity of her own home. See R.C. 2950.09 (B) (2) (i). This statement is again supported by materials contained within the file. As the state alludes to during the hearing, the victim was hospitalized as a result of appellant's vicious attack. (Tr. at 5). Counsel for appellant conceded this fact when he stated during the hearing that "she was beat up pretty good." (Tr. at 6). While the court notes that drugs or alcohol were not used to facilitate the offense, such were not necessary as the defendant used force thereby overpowering the 72 year old victim. See R.C.2950.09 (B) (2) (e). It is also noted within the trial court's judgment entry that there was no evidence of mental illness and appellant had not illustrated the completion of any sexual predator program during the course of his incarceration. See R.C.2950.09 (B) (2) (g) and (f). In contrast, appellant offered nothing in his defense during the course of the sexual predator determination hearing.
Based upon the foregoing, this court holds that the record contains clear and convincing evidence to support an adjudication of appellant as a sexual predator. The state clearly discussed the relevant factors which supported a sexual predator designation. The state further advised the trial court that the file regarding appellant's December 1990 pleas contained support for such a finding. Moreover, the trial court carefully considered the statutory factors as set forth in R.C. 2950.09 (B) (2) and found that a number of them had been met in the present case. The court specifically acknowledged at the end of the hearing that it had considered all of the factors and had placed emphasis on those which were of particular concern in appellant's case. (Tr. at 6) Additionally, in its October 22, 1999 judgment entry, the trial court indicated that appellant had been afforded all of the rights set forth pursuant to R.C. 2950, evidence had been taken during the contested hearing and the factors set forth under R.C.2950.09 (B) (2) (a-j) had been applied. This thorough consideration and citation to competent, credible evidence precludes this court from substituting its judgment on review.
As to appellant's brief statement that the sexual predator statute is in violation of the constitution as it applies retroactively, this argument has specifically been overruled by the Ohio Supreme Court in State v. Cook (1998), 83 Ohio St.3d 404. In that decision, the court explained that R.C. Chapter 2950 does not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution. This court has repeatedly adopted the reasoning set forth in Cook,supra. See, e.g., State v. Ingledue (Dec. 22, 1999), Columbiana App. No. 97-CO-55, unreported, 1; State v. Fulmer (Oct. 26, 1999), Columbiana App. No. 97-CO-62, unreported, 1; State v. Trummer
(June 14, 1999), Columbiana App. No. 98-CO-28, unreported, 1. Hence, appellant's second assignment of error is overruled.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Cox, P.J., concurs, Donofrio, J., concurs.
 _________________________ JOSEPH J. VUKOVICH, JUDGE